## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, )<br>#02866-081, )<br>  )<br>         **Plaintiff,**   )<br>  )  Case 20-cv-1096-DWD<br>J. PHIL GILBERT, )<br>LAURA JONES, )<br>KATHERINE SIEREVELD, )<br>DAN SPROUL, )<br>AW CHRISTENSEN, )<br>KATHY HILL, )<br>GARY BURGESS, )<br>DOES 1-12, and )<br>STACEY BYRAM )<br>  )<br>         **Defendants.**  ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Montgomery Carl Akers, an inmate in the custody of the Federal Bureau of Prisons (BOP) currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois. (Doc. 1-1). Plaintiff names United District Judge J. Phil Gilbert as well as employees of the Administrative Office of the United States Courts, United States Attorney's Office and BOP, alleging defamation and conspiracy relating to the removal and dismissal of prior cases. He also alleges violation by Defendants Siereveld, Sproul, Christenen, Hill, Burgess and Byram of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.* relating to intercepting communications between Plaintiff and his "spiritual advisor," Joel Shields. (Doc. 1-1, pp. 6-7).

Defendants removed the case to this Court pursuant to a portion of the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), which immunizes federal

1

employees from tort claims arising out of acts undertaken in the course and scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Westfall Act amended the Federal Tort Claims Act (FTCA) to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id*. at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id*. at 230 (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted in place of the employee as a defendant, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The action is then governed by the FTCA, 28 U.S.C. §§ 28 U.S.C. 1346, 2671-80. *Id*. For actions commenced in state court, as here, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending" and renders the Attorney General's certification[1] "conclusiv[e] . . . for purposes of removal." *Id*. (citing § 2679(d)(2)). The case was therefore properly removed to this federal judicial district. The defamation and conspiracy claims shall be recharacterized as cases against the United States pursuant to the FTCA .

That said, Plaintiff is precluded from maintaining suit because he is under a filing restriction from both this Court and the Seventh Circuit. *See Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir.) (citing *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)). After accumulating three "strikes" for filing civil actions that were dismissed as frivolous, malicious, or for failure to

---

[1] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). Although not represented by the Department of Justice at the time of removal, Judge Gilbert is still appropriately classified as a federal employee acting within the scope of his employment. See *Sullivan v. United States*, 21 F.3d 198, n. 8 (7th Cir. 1994) (*abrogated on other grounds*); *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 92 (D.D.C. 2012), aff'd, No. 12-5317, 2013 WL 1733756 (D.C. Cir. Apr. 2, 2013)

state a claim within the meaning of 28 U.S.C. § 1915(g) and failing to pay his filing fees, the Seventh Circuit imposed the following restriction:

> Unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. *See Newlin*, 123 F.3d at 436-37.  **Accordingly, until Akers has paid in full all outstanding fees in the district court and in this court, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers.** *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).  This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach in *Newlin*, 123 F.3d at 436-37, and *Support System Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).

*See Akers*, App. No. 11-3268 (7th Cir. April 24, 2012) (emphasis added).  On September 13, 2012, this Court entered an Order prohibiting Plaintiff from further filings, consistent with the Seventh Circuit's Order, until he paid his outstanding fees of $805.00 owed in two prior cases:

> **Consistent with the order of the Court of Appeals for the Seventh Circuit, until Akers has paid in full all outstanding fees in the district court and in the appellate court, the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers**.

*See Akers v. Roal*, Case No. 11-cv-00622-MJR (S.D. Ill.) (Doc. 38, p. 7) (emphasis added).  To date, Plaintiff has paid no portion of these fees and the filing restriction remains in effect.

Removal by Defendants was nevertheless proper.  A plaintiff's filing restriction does not abrogate the absolute right of the defendants to remove an action from state to federal court.  *See, e.g., In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1442).

Indeed, it appears that Plaintiff may have been counting on removal to circumvent the filing restriction by filing an action in state court and waiting for the defendant(s) to remove it.  Plaintiff has a long and impressive history of attempting such maneuvers.  Following imposition of the restriction, Plaintiff continued filing cases in different federal district courts.  *See e.g., Akers v.*

3

*Rivas*, No. 16-cv-1339-MJR (*See* Doc. 5, Dec. 15, 2016); *Akers v. Siereveld*, 17-cv-3340-KAW (*See* Doc. 11, Oct. 6, 2017). Akers soon learned that filing papers in federal courts familiar with his litigation history routinely resulted in a return of his papers unfiled, in accord with his filing restriction. When he met with this resistance, Akers simply turned to state court. *See Akers v. Conover*, Case No. 2020-L-54; *Akers v. True*, Case No. 2020-L-45; *Akers v. Liss*, Case No. 2020-L-59. His conduct is similar to other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and simply begin filing lawsuits in other federal judicial districts. *See, e.g., Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to circumvent filing restriction and imposing additional monetary sanctions against litigant). Allowing Plaintiff to make such a procedural end-run would render the filing restriction meaningless. Plaintiff has been informed that this maneuver will not be tolerated—indeed, this is the same conduct that resulted in Judge Gilbert's dismissals that Plaintiff complains about. See *Akers v. USA*, cases 20-cv-00581-JPG, 20-cv-00592-JPG and 20-cv-00638-JPG (July 17, 2020); 20-cv-00894-JPG (October 19, 2020).

## Disposition

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** the **UNITED STATES** in place of Defendants Gilbert and Jones. To the extent Plaintiff has asserted defamation and conspiracy claims against the remaining named Defendants, such claims will be construed as being asserted against the United States. The Clerk of Court is **DIRECTED** to **RECHARACTERIZE** the case as being brought pursuant to the Federal Tort Claims Act. *Osborn*, 549 U.S. at 230 (citing § 2679(d)(2)).

4

**IT IS ORDERED** that this matter be **ADMINISTRATIVELY CLOSED**. Any pending motions are **DISMISSED** as **MOOT**.

Akers is **REMINDED** that as long as the filing restriction imposed in *Akers*, Case No. 11-cv-622-MJR (Doc. 38) and *Akers*, App. No. 11-3689 (7th Cir. Order dated April 24, 2012) remain in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of the restriction. To deter future similar misconduct, Akers stands **WARNED** that he shall be subject to increasingly harsh sanctions, including but not limited to monetary fines, for further attempts to avoid the filing ban.

**IT IS SO ORDERED.**

**DATED:** October 22, 2020

_____
DAVID W. DUGAN
United States District Judge